21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Roy Edward MAYNARD, Jr., Appellant.
 No. 93-3878.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1994.
Filed: April 4, 1994.
 
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Roy Edward Maynard, Jr. appeals his conviction for assaulting a federal officer in violation of 18 U.S.C. Sec. 111 (1988). Special Agent John Cornille of the Drug Enforcement Administration, as part of his assignment to assist the Missouri State Highway Patrol (MSHP) with its investigation of a series of drug and stolen property offenses, and Sergeant Bickers of the MSHP were transporting a witness to Springfield, Missouri, when the witness apprised them of her knowledge concerning a stolen-vehicle operation in Sarcoxie, Missouri. They drove to Sarcoxie, proceeded to Maynard's place of business, and drove through the parking lot and warehouse lot in an effort to verify the witness's information. Maynard attempted to stop them by yelling and waving his fists.
 
 
 2
 When Bickers and Cornille failed to stop, Maynard chased them in a pickup truck to a nearby Missouri Department of Transportation building. As Bickers and Cornille got out of their car, Maynard pointed a pistol-grip shotgun at them and threatened to kill them on the spot, but finally relented, threatening to kill them if they ever entered his property again.
 
 
 3
 For reversal, Maynard argues that the trial court erred in (1) refusing to give certain instructions, including an instruction on self-defense, requested by Maynard; (2) failing to require the government to produce the entire DEA Agent's Manual; (3) refusing to allow Maynard to cross-examine Bickers and Cornille as to the damages they were seeking in their civil lawsuit against Maynard; (4) failing to find as a matter of law that Cornille was not acting within the scope of his duties as a DEA agent at the time Maynard assaulted him; and (5) allowing the government to present during its case-in-chief prior similar-act evidence under Rule 404(b) of the Federal Rules of Evidence.
 
 
 4
 After a careful review of the case, we conclude that none of Maynard's arguments has merit and that an opinion would lack precedential value. Accordingly, the judgment of the District Court is affirmed without further discussion. See 8th Cir. R. 47B.